1  **THOMAS J. DALY, CA Bar No. 119684**
   thomas.daly@wbd-us.com
2  **ART HASAN, CA Bar No. 167323**
   art.hasan@wbd-us.com
3  **WOMBLE BOND DICKINSON (US) LLP**
   **655 N. Central Ave., Suite 2300**
4  **Glendale, CA 91203-1445**
   **Telephone: (626) 795-9900**
5  **Facsimile: (626) 577-8800**

6  **SIHO "SCOTT" YOO, CA Bar No. 311202**
   scott.yoo@wbd-us.com
7  **WOMBLE BOND DICKINSON (US) LLP**
   **1279 Oakmead Parkway**
8  **Sunnyvale, CA 94085**
   **Telephone: (650) 391-1380**
9  **Facsimile: (650) 391-1395**

10 Attorneys for Plaintiff
   OKYN HOLDINGS, INC. dba NYKO TECHNOLOGIES

11

12              UNITED STATES DISTRICT COURT

13            SOUTHERN DISTRICT OF CALIFORNIA

14

15  OKYN HOLDINGS, INC. dba NYKO    Case No. **'25 CV 1524 TWR VET**
    TECHNOLOGIES, a California
16  corporation,                    **COMPLAINT FOR**
                                    **PATENT INFRINGEMENT**
17            Plaintiff,

18       vs.

19  PERFORMANCE DESIGNED
    PRODUCTS LLC, a California limited  **DEMAND FOR JURY TRIAL**
20  liability company; and TURTLE
    BEACH CORPORATION,
21  a Nevada corporation,

22            Defendants.

23

24

25

26

27

28

For its complaint against Defendants Performance Designed Products LLC ("PDP") and Turtle Beach Corporation ("Turtle Beach") (collectively, Defendants), Plaintiff OKYN Holdings, Inc. dba NYKO Technologies ("NYKO") alleges as follows:

## **PARTIES**

1.     Plaintiff NYKO is a corporation existing under the laws of the State of California, having a principal place of business at 1642 Westwood Blvd., Third Floor, Westwood, California 90024.

2.     Upon information and belief, Defendant PDP is a California limited liability company, having a principal place of business at 15822 Bernardo Center Drive, Suite 105, San Diego, California 92127.

3.     Upon information and belief, Defendant Turtle Beach is a corporation existing under the laws of Nevada, having a principal place of business at 15822 Bernardo Center Drive, Suite 105, San Diego, California 92127. Upon information and belief, Turtle Beach acquired PDP in or around March 2024.

## **JURISDICTION**

4.     This is an action for infringement of United States patents, and arises under the patent laws of the United States, 35 U.S.C. § 271, *et. seq*.  This Court has subject matter jurisdiction of such action under 28 U.S.C. §§ 1331 and 1338(a).

5.     This Court has personal jurisdiction over Defendants in accordance with due process and/or the California Long Arm Statute because, among other things, PDP is a California company with its principal place of business in California and Turtle Beach is a corporation with its principal place of business in California.

6.     Upon information and belief, this Court has personal jurisdiction over Defendants because they have engaged, and continue to engage, in continuous, systematic, and substantial activities within this state that give rise to this action. Defendants directly and/or through their subsidiaries or intermediaries (including

1279 Oakmead Parkway
Sunnyvale, CA 94085

WOMBLE BOND DICKINSON

distributors, retailers, franchises and others), have committed and continue to commit acts of infringement in this District by, among other things, making, using, selling, offering for sale, licensing, and/or importing products that infringe NYKO's patents.

7.    Venue is proper this district under 28 U.S.C. §§ 1391 and 1400(b) because Defendants have committed acts of infringement in the Southern District of California and have a regular and established place of business in the Southern District of California. Upon information and belief, Defendants have their offices in this District. Upon information and belief, Defendant Turtle Beach has a regular and established place of business in this District by virtue of its acquisition of PDP and ratification of PDP's presence/business and continued infringement of Nyko's patents in this District.

## FACTUAL BACKGROUND

8.    Since it was founded in 1996, NYKO has designed, manufactured and marketed innovative products to enhance the digital lifestyle.  NYKO's stated mission is to deliver products that solve problems and improve user experiences. NYKO specializes in interactive entertainment, computing, consumer electronics, portable audio, as well as online and wireless technologies.  NYKO directly distributes through major U.S. and Canadian retailers, and distributes through intermediaries worldwide.  NYKO is the owner of multiple patents in the U.S. and abroad directed to its innovative products.

9.    NYKO is the owner of U.S. Patent No. 8,143,848 ("the '848 Patent"), entitled "Video Game Controller Charging System Having a Docking Structure," which issued on March 27, 2012.  A true and correct copy of the '848 Patent is attached hereto as Exhibit A.

10.    NYKO is the owner of U.S. Patent No. 8,536,832 ("the '832 Patent"), entitled "Video Game Controller Charging System Having a Docking Structure,"

which issued on September 17, 2013. A true and correct copy of the '832 Patent is attached hereto as Exhibit B.

11. NYKO is the owner of U.S. Patent No. 9,705,344 ("the '344 Patent"), entitled "Video Game Controller Charging System Having a Docking Structure," which issued on July 11, 2017. A true and correct copy of the '344 Patent is attached hereto as Exhibit C.

12. NYKO is the owner of U.S. Patent No. 9,174,121 ("the '121 Patent"), entitled "Video Game Controller Charging System Having a Docking Structure," which issued on November 3, 2015. A true and correct copy of the '121 Patent is attached hereto as Exhibit D.

13. The '848 Patent, the '832 Patent, the '344 Patent, and the '121 Patent (collectively, "the Asserted Patents") have already gone through the U.S. Patent and Trademark Office ("the PTO")'s thorough and repeated examinations. For example, the '848 Patent, the '832 Patent, and the '344 Patent have been through six separate thorough *ex parte* reexaminations even after they were originally issued by the PTO. Each of these patents has gone through two separate *ex parte* reexaminations by a panel of three senior patent examiners at the PTO in each reexamination. In each reexamination, after evaluating all of the cited references and other extensive record, the PTO confirmed the validity of all of the examined claims without requiring any claim amendment. Copies of the reexamination certificates are attached hereto as Exhibit I.

14. Following NYKO's introduction into the marketplace of its video game controller having a docking structure, a number of companies including PDP and others copied the concepts embodied in NYKO's product and introduced products of their own to compete with NYKO. Companies such as PDP and Turtle Beach that engaged in this behavior profited greatly by not having to engage in the substantial research and development NYKO engaged in to conceive, design and develop its products.

1279 Oakmead Parkway
Sunnyvale, CA 94085

WOMBLE BOND DICKINSON

-3-

15.    More particularly, Defendants have made, used, sold and offered for sale in this District and elsewhere, and have continued to do so in this District and elsewhere, without the consent or authorization of NYKO, one or more video game controller charging systems having a docking structure, including without limitation Ultra Slim Charge System for PlayStation 4 ("the Accused Product"), which is covered by one or more claims of the the Asserted Patents. This infringement by Defendants has and continues to damage NYKO, harming NYKO's reputation and causing NYKO to lose significant revenues, market share, and future royalties/revenues.

16.    On October 31, 2024, NYKO sent a cease-and-desist letter (the "Cease-and-Desist Letter") to Defendants, specifically alleging that the Accused Product infringes the claims of the Asserted Patents and demanding that Defendants cease their infringing conduct of making, using, selling, offering for sale, and importing the Accused Product in or into the United States.

17.    To allow the parties time to discuss resolution of NYKO's claims against Defendants, the parties agreed that the statutory period of recovery under 35 U.S.C. § 286 is tolled as of December 13, 2024 through and including March 13, 2025, which is further extended to June 12, 2025 or until NYKO files a patent infringement lawsuit against Defendants, in connection with NYKO's claims (the "Tolling Agreement"). Defendants made no efforts to resolve this matter during that time, but, instead, used it to further delay resolution.  Thus, even after they were given notice of infringement of the Asserted Patents and after they were given time to further evaluate NYKO's infringement claims, Defendants are still engaging in their infringing conduct. Such infringement constitutes willful infringement.

18.    As of the filing date of this Complaint, Defendants continue to engage in infringing conduct.

1279 Oakmead Parkway
Sunnyvale, CA 94085

WOMBLE BOND DICKINSON

-4-

1279 Oakmead Parkway
Sunnyvale, CA 94085

WOMBLE BOND DICKINSON

## FIRST CLAIM FOR RELIEF

### (Patent Infringement of U.S. Patent No. 8,143,848)

19.   NYKO hereby repeats and realleges each preceding paragraph as if fully set forth herein.

20.   Defendants, by themselves or in concert with others, have made, used, sold, offered to sell, or import, and continue to make, use, sell, offer to sell, or import in or into this District and elsewhere in the United States, the Accused Product which directly infringes, either literally or under the doctrine of equivalents, at least claims 25, 26, and 27 of the '848 Patent in violation of 35 U.S.C. § 271(a).

21.   Upon information and belief, the Accused Product includes each and every element of at least claims 25, 26, and 27 of the '848 Patent, as illustrated in a claim chart attached hereto as Exhibit E.

22.   In addition, Defendants have indirectly infringed and continues to indirectly infringe at least claims 25, 26, and 27 of the '848 Patent in violation of 35 U.S.C. §§ 271(b) and (c).

23.   Defendants have induced infringement of the '848 Patent by taking active steps to encourage and facilitate direct infringement by others, including manufacturers, affiliates, partners, importers, resellers, customers, distributors, and/or end users, in this District and elsewhere in the United States, through the dissemination of the Accused Product and the creation and dissemination of promotional and marketing materials, supporting materials, instructions, product manuals, and/or technical information relating to such product with knowledge and the specific intent that their efforts will result in the direct infringement of the '848 Patent.

24.   Further, Defendants took active steps to encourage end users of the Accused Product to use the products in the United States in a manner they know will directly infringe each element of at least claims 25, 26, and 27 of the '848

Patent as described above. Such active steps include, for example, providing a manual and instructions on how to use the Accused Product and publishing promotional materials of the Accused Product that describe and/or instruct the configuration and use by their customers of the Accused Product in an infringing manner. A copy of a user manual for the Accused Product instructing customers to use the Accused Product in an infringing manner is attached hereto as Exhibit J.

25. Defendants knowingly took these active steps to induce others and thus, they are indirectly infringing at least claims 25, 26, and 27 of the '848 Patent in violation of 35 U.S.C. § 271(b).

26. Further, Defendants have engaged in contributory infringement by making, using, offering to sell, selling, and importing in or into the United States the Accused Product, which is specifically designed and specifically marketed by Defendants as a charging system for charging a video game controller (e.g., PlayStation 4 controllers). The Accused Product, when used by Defendants' customers as a charging system for charging a video game controller and as intended and instructed by Defendants, infringes at least claims 25, 26, and 27 of the '848 Patent. A copy of the user manual for the Accused Product describing its use as a charging system for a video game controller (e.g., a PlayStation 4 controller) is attached hereto as Exhibit J.

27. In addition to the Accused Product, Defendants also make, use, offer for sale, sell, and import in or into the United States video game controllers. Defendant's Accused Product is also specifically designed and specifically marketed by Defendants to be used with (to charge) Defendants' video game controllers.

28. One or more components of the Accused Product and/or the Accused Product itself constitutes a material component of the claimed invention of the '848 Patent.

1279 Oakmead Parkway
Sunnyvale, CA 94085

WOMBLE BOND DICKINSON

29.    Defendants knew or should have known that the Accused Product is especially made or especially adapted for use in the infringement of the '848 Patent.

30.    The Accused Product is not a staple article or commodity of commerce suitable for substantial non-infringing use. There is no substantial non-infringing use of the Accused Product because they are specifically designed and marketed as a charging system for a video game controller (e.g., PlayStation 4 controllers).

31.    Defendants have indirectly infringed and are indirectly infringing at least claims 25, 26, and 27 of the '848 Patent in violation of 35 U.S.C. § 271(c).

32.    The aforesaid acts of Defendants are without right, license, or authorization from NYKO.

33.    At all relevant times, NYKO has complied with any and all marking and/or notice provisions of 35 U.S.C. 287 with respect to the '848 Patent.  Among other things, NYKO has marked products utilizing the subject matter of the '848 Patent with the number of the '848 Patent.

34.    NYKO has been damaged as a result of Defendants' infringing conduct alleged above.  Thus, Defendants are liable to NYKO in an amount that adequately compensates it for such infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

35.    Defendants will continue their infringement of the '848 patent unless enjoined by the Court.  Defendants' infringing conduct has caused NYKO irreparable harm and will continue to cause such harm without the issuance of an injunction.

36.    Defendants and/or individuals within Defendants' control had knowledge of the '848 Patent at least by virtue of NYKO's marking of the '848 Patent on its products, or by virtue of the complaint filed in the related case, *Nyko Technologies, Inc. v. Energizer Holdings, Inc.*, Case No. 2:12-cv-03001-

-7-

GAF-VBK (C.D. Cal. 2012), in which the '848 Patent was asserted against Defendant PDP.  Further, Defendants had knowledge of the '848 Patent by virtue of NYKO's Cease-and-Desist letter, which serves notice to Defendants of the '848 Patent and of their infringing conducts.

37.    Despite their knowledge of the '848 Patent, Defendants have infringed and continue to infringe the '848 Patent, making such infringement willful and intentional. Defendants have deliberately infringed the '848 Patent and in disregard for the patent by making, having made, using, importing, selling, and offering for sale the Accused Product that infringes the '848 Patent. Defendants knew or should have known that there was a high risk of infringement of the '848 Patent and had no reasonable basis to doubt the validity of the patent. Upon information and belief, Defendants have not attempted any design around to avoid the risks of infringement of the '848 Patent. Defendants have acted despite an objectively high likelihood that their past and continuing actions constituted infringement of the '848 Patent, and this objectively-defined risk was known or should have known to Defendants. Defendants thus had actual knowledge of the '848 Patent and knew or should have known that their conduct constituted infringement.

38.    Defendants' willful infringement makes this case exceptional such that NYKO should be awarded its reasonable attorneys' fees and costs incurred in pursuing this action pursuant to 35 U.S.C. § 285 and is entitled to enhanced damages for infringement pursuant to 35 U.S.C. § 284.

## SECOND CLAIM FOR RELIEF

### (Patent Infringement of U.S. Patent No. 8,536,832)

39.    NYKO hereby repeats and realleges each preceding paragraph as if fully set forth herein.

40.    Defendants, by themselves or in concert with others, have made, used, sold, offered to sell, or import, and continue to make, use, sell, offer to sell, or import in or into this District and elsewhere in the United States, the Accused

Product which directly infringes, either literally or under the doctrine of equivalents, at least claims 1, 2, 3, 5, 7, 8, 9, 14, 15, and 16 of the '832 Patent in violation of 35 U.S.C. § 271(a).

41.    Upon information and belief, the Accused Product includes each and every element of at least claims 1-3, 5, 7-9 and 14-16 of the '832 Patent, as illustrated in a claim chart attached hereto as Exhibit F.

42.    In addition, Defendants have indirectly infringed and continue to indirectly infringe at least claims 1-3, 5, 7-9 and 14-16 of the '832 Patent in violation of 35 U.S.C. §§ 271(b) and (c).

43.    Defendants have induced infringement of the '832 Patent by taking active steps to encourage and facilitate direct infringement by others, including manufacturers, affiliates, partners, importers, resellers, customers, distributors, and/or end users, in this district and elsewhere in the United States, through the dissemination of the Accused Product and the creation and dissemination of promotional and marketing materials, supporting materials, instructions, product manuals, and/or technical information relating to such product with knowledge and the specific intent that their efforts will result in the direct infringement of the '832 Patent.

44.    Further, Defendants took active steps to encourage end users of the Accused Product to use the products in the United States in a manner they know will directly infringe each element of at least claims 1-3, 5, 7-9 and 14-16 of the '832 Patent as described above.  Such active steps include, for example, providing a manual and instructions on how to use the Accused Product and publishing promotional materials of the Accused Product that describe and/or instruct the configuration and use by their customers of the Accused Product in an infringing manner.  A copy of the user manual for the Accused Product instructing customers to use the Accused Product in an infringing manner is attached hereto as Exhibit J.

1279 Oakmead Parkway
Sunnyvale, CA 94085

WOMBLE BOND DICKINSON

-9-

45.    Defendants knowingly took these active steps to induce others and thus, they are indirectly infringing at least claims 1-3, 5, 7-9 and 14-16 of the '832 Patent in violation of 35 U.S.C. § 271(b).

46.    Further, Defendants have engaged in contributory infringement by making, using, offering to sell, selling, and importing in or into the United States the Accused Product, which is specifically designed and specifically marketed by Defendants as a charging system for charging a video game controller (e.g., PlayStation 4 controllers). The Accused Product, when used by Defendants' customers as a charging system for charging a video game controller and as intended and instructed by Defendants, infringes at least claims 1-3, 5, 7-9 and 14-16 of the '832 Patent.  A copy of the user manual for the Accused Product describing its use as a charging system for a video game controller (e.g., a PlayStation 4 controller) is attached hereto as Exhibit J.

47.    In addition to the Accused Product, Defendants also make, use, offer for sale, sell, and import in or into the United States video game controllers. Defendant's Accused Product is also specifically designed and specifically marketed by Defendants to be used with (to charge) Defendants' video game controllers.

48.    One or more components of the Accused Product and/or the Accused Product itself constitutes a material component of the claimed invention of the '832 Patent.

49.    Defendants knew or should have known that the Accused Product is especially made or especially adapted for use in the infringement of the '832 Patent.

50.    The Accused Product is not a staple article or commodity of commerce suitable for substantial non-infringing use. There is no substantial non-infringing use of the Accused Product because they are specifically designed and marketed as a charging system for a video game controller (e.g., PlayStation 4 controllers).

1279 Oakmead Parkway
Sunnyvale, CA 94085

WOMBLE BOND DICKINSON

-10-

51.    Defendants have indirectly infringed and are indirectly infringing at least claims 1-3, 5, 7-9 and 14-16 of the '832 Patent in violation of 35 U.S.C. § 271(c).

52.    The aforesaid acts of Defendants are without right, license, or authorization from NYKO.

53.    At all relevant times, NYKO has complied with any and all marking and/or notice provisions of 35 U.S.C. 287 with respect to the '832 Patent.  Among other things, NYKO has marked products utilizing the subject matter of the '832 Patent with the number of the '832 Patent.

54.    NYKO has been damaged as a result of Defendants' infringing conduct alleged above.  Thus, Defendants are liable to NYKO in an amount that adequately compensates it for such infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

55.    Defendants will continue its infringement of the '832 patent unless enjoined by the Court.  Defendants' infringing conduct has caused NYKO irreparable harm and will continue to cause such harm without the issuance of an injunction.

56.    Defendants and/or individuals within Defendants' control had knowledge of the '832 Patent at least by virtue of NYKO's marking of the '832 Patent on its products, or by virtue of the parties' claims and defenses alleged in the related case *Nyko Technologies, Inc. v. Energizer Holdings, Inc.*, Case No. 2:12-cv-03001-GAF-VBK (C.D. Cal. 2012) that involved the '848 Patent and its family patents, including the '832 Patent. Further, Defendants had knowledge of the '832 Patent by virtue of NYKO's Cease-and-Desist letter, which serves notice to Defendants of the '832 Patent and of their infringing conducts.

57.    Despite their knowledge of the '832 Patent, Defendants have infringed and continue to infringe the '832 Patent, making such infringement willful and

1279 Oakmead Parkway
Sunnyvale, CA 94085

WOMBLE BOND DICKINSON

intentional. Defendants have deliberately infringed the '832 Patent and in disregard for the patent by making, having made, using, importing, selling, and offering for sale the Accused Product that infringes the '832 Patent. Defendants knew or should have known that there was a high risk of infringement of the '832 Patent and had no reasonable basis to doubt the validity of the patent. Upon information and belief, Defendants have not attempted any design around to avoid the risks of infringement of the '832 Patent. Defendants have acted despite an objectively high likelihood that their past and continuing actions constituted infringement of the '832 Patent, and this objectively-defined risk was known or should have known to Defendants. Defendants thus had actual knowledge of the '832 Patent and knew or should have known that their conduct constituted infringement.

58.    Defendants' willful infringement makes this case exceptional such that NYKO should be awarded its reasonable attorneys' fees and costs incurred in pursuing this action pursuant to 35 U.S.C. § 285 and is entitled to enhanced damages for infringement pursuant to 35 U.S.C. § 284.

## THIRD CLAIM FOR RELIEF

### (Patent Infringement of U.S. Patent No. 9,705,344)

59.    NYKO hereby repeats and realleges each preceding paragraph as if fully set forth herein.

60.    Defendants, by themselves or in concert with others, have made, used, sold, offered to sell, or import, and continue to make, use, sell, offer to sell, or import in or into this District and elsewhere in the United States, the Accused Product which directly infringes, either literally or under the doctrine of equivalents, at least claims 15, 16, 18 and 19  of the '344 Patent in violation of 35 U.S.C. § 271(a).

61.    Upon information and belief, the Accused Product includes each and every element of at least claims 15, 16, 18 and 19 of the '344 Patent, as illustrated in a claim chart attached hereto as Exhibit G.

4926-6905-6072, v. 2

1279 Oakmead Parkway
Sunnyvale, CA 94085

WOMBLE BOND DICKINSON

1279 Oakmead Parkway
Sunnyvale, CA 94085

WOMBLE BOND DICKINSON

62.    In addition, Defendants have indirectly infringed and continue to indirectly infringe at least claims 15, 16, 18 and 19 of the '344 Patent in violation of 35 U.S.C. §§ 271(b) and (c).

63.    Defendants have induced infringement of the '344 Patent by taking active steps to encourage and facilitate direct infringement by others, including manufacturers, affiliates, partners, importers, resellers, customers, distributors, and/or end users, in this District and elsewhere in the United States, through the dissemination of the Accused Product and the creation and dissemination of promotional and marketing materials, supporting materials, instructions, product manuals, and/or technical information relating to such product with knowledge and the specific intent that their efforts will result in the direct infringement of the '344 Patent.

64.    Further, Defendants took active steps to encourage end users of the Accused Product to use the products in the United States in a manner they know will directly infringe each element of at least claims 15, 16, 18 and 19 of the '344 Patent as described above.  Such active steps include, for example, providing a manual and instructions on how to use the Accused Product and publishing promotional materials of the Accused Product that describe and/or instruct the configuration and use by their customers of the Accused Product in an infringing manner.  A copy of the user manual for the Accused Product instructing customers to use the Accused Product in an infringing manner is attached hereto as Exhibit J.

65.    Defendants knowingly took these active steps to induce others and thus, they are indirectly infringing at least claims 15, 16, 18 and 19 of the '344 Patent in violation of 35 U.S.C. § 271(b).

66.    Further, Defendants have engaged in contributory infringement by making, using, offering to sell, selling, and importing in or into the United States the Accused Product, which is specifically designed and specifically marketed by Defendants as a charging system for charging a video game controller (e.g.,

-13-

PlayStation 4 controllers). The Accused Product, when used by Defendants' customers as a charging system for charging a video game controller and as intended and instructed by Defendants, infringes at least 15, 16, 18 and 19 of the '344 Patent. A copy of the user manual for the Accused Product describing its use as a charging system for a video game controller (e.g., a PlayStation 4 controller) is attached hereto as Exhibit J.

67.    In addition to the Accused Product, Defendants also make, use, offer for sale, sell, and import in or into the United States video game controllers. Defendant's Accused Product is also specifically designed and specifically marketed by Defendants to be used with (to charge) Defendants' video game controllers.

68.    One or more components of the Accused Product and/or the Accused Product itself constitutes a material component of the claimed invention of the '344 Patent.

69.    Defendants knew or should have known that the Accused Product is especially made or especially adapted for use in the infringement of the '344 Patent.

70.    The Accused Product is not a staple article or commodity of commerce suitable for substantial non-infringing use. There is no substantial non-infringing use of the Accused Product because they are specifically designed and marketed as a charging system for a video game controller (e.g., PlayStation 4 controllers).

71.    Defendants have indirectly infringed and are indirectly infringing at least claims 15, 16, 18 and 19 of the '344 Patent in violation of 35 U.S.C. § 271(c).

72.    The aforesaid acts of Defendants are without right, license, or authorization from NYKO.

73.    At all relevant times, NYKO has complied with any and all marking and/or notice provisions of 35 U.S.C. 287 with respect to the '344 Patent. Among

1279 Oakmead Parkway
Sunnyvale, CA 94085

WOMBLE BOND DICKINSON

-14-

1  other things, NYKO has marked products utilizing the subject matter of the '344

2  Patent with the number of the '344 Patent.

3      74.    NYKO has been damaged as a result of Defendants' infringing

4  conduct alleged above.  Thus, Defendants are liable to NYKO in an amount that

5  adequately compensates it for such infringements, which, by law, cannot be less

6  than a reasonable royalty, together with interest and costs as fixed by this Court

7  under 35 U.S.C. § 284.

8      75.    Defendants will continue their infringement of the '344 Patent unless

9  enjoined by the Court.   Defendants' infringing conduct has caused NYKO

10  irreparable harm and will continue to cause such harm without the issuance of an

11  injunction.

12      76.    Defendants and/or individuals within Defendants' control had

13  knowledge of the '344 Patent at least by virtue of NYKO's marking of the '344

14  Patent on its products, or at the latest, by virtue of NYKO's Cease-and-Desist letter,

15  which serves notice to Defendants of the '344 Patent and of their infringing

16  conducts.

17      77.    Despite their knowledge of the '344 Patent, Defendants have infringed

18  and continue to infringe the '344 Patent, making such infringement willful and

19  intentional. Defendants have deliberately infringed the '344 Patent and in disregard

20  for the patent by making, having made, using, importing, selling, and offering for

21  sale the Accused Product that infringes the '344 Patent. Defendants knew or should

22  have known that there was a high risk of infringement of the '344 Patent and had

23  no reasonable basis to doubt the validity of the patent. Upon information and belief,

24  Defendants have not attempted any design around to avoid the risks of infringement

25  of the '344 Patent. Defendants have acted despite an objectively high likelihood

26  that their past and continuing actions constituted infringement of the '344 Patent,

27  and this objectively-defined risk was known or should have known to Defendants.

28

1279 Oakmead Parkway
Sunnyvale, CA 94085

WOMBLE BOND DICKINSON

4926-6905-6072, v. 2

Defendants thus had actual knowledge of the '344 Patent and knew or should have known that their conduct constituted infringement.

78.    Defendants' willful infringement makes this case exceptional such that NYKO should be awarded its reasonable attorneys' fees and costs incurred in pursuing this action pursuant to 35 U.S.C. § 285 and is entitled to enhanced damages for infringement pursuant to 35 U.S.C. § 284.

## FOURTH CLAIM FOR RELIEF

### (Patent Infringement of U.S. Patent No. 9,174,121)

79.    NYKO hereby repeats and realleges each preceding paragraph as if fully set forth herein.

80.    Defendants, by themselves or in concert with others, have made, used, sold, offered to sell, or import, and continue to make, use, sell, offer to sell, or import in or into this District and elsewhere in the United States, the Accused Product which directly infringes, either literally or under the doctrine of equivalents, at least claims 1, 2, 3, 4, 5, 6, 7, 11, 12, 13, 14, 15, 16, 17, and 18 of the '121 Patent in violation of 35 U.S.C. § 271(a).

81.    Upon information and belief, the Accused Product includes each and every element of at least claims 1-7 and 11- 18 of the '121 Patent, as illustrated in a claim chart attached hereto as Exhibit H.

82.    In addition, Defendants have indirectly infringed and continue to indirectly infringe at least claims 1-7 and 11- 18 of the '121 Patent in violation of 35 U.S.C. §§ 271(b) and (c).

83.    Defendants have induced infringement of the '121 Patent by taking active steps to encourage and facilitate direct infringement by others, including manufacturers, affiliates, partners, importers, resellers, customers, distributors, and/or end users, in this District and elsewhere in the United States, through the dissemination of the Accused Product and the creation and dissemination of promotional and marketing materials, supporting materials, instructions, product

1279 Oakmead Parkway
Sunnyvale, CA 94085

WOMBLE BOND DICKINSON

-16-

1  manuals, and/or technical information relating to such product with knowledge and

2  the specific intent that their efforts will result in the direct infringement of the '121

3  Patent.

4      84.    Further, Defendants took active steps to encourage end users of the

5  Accused Product to use the products in the United States in a manner they know

6  will directly infringe each element of at least claims 1-7 and 11- 18 of the '121

7  Patent as described above.  Such active steps include, for example, providing a

8  manual and instructions on how to use the Accused Product and publishing

9  promotional materials of the Accused Product that describe and/or instruct the

10 configuration and use by their customers of the Accused Product in an infringing

11 manner.  A copy of the user manual for the Accused Product instructing customers

12 to use the Accused Product in an infringing manner is attached hereto as Exhibit J.

13     85.    Defendants knowingly took these active steps to induce others and

14 thus, they are indirectly infringing at least claims 1-7 and 11- 18 of the '121 Patent

15 in violation of 35 U.S.C. § 271(b).

16     86.    Further, Defendants have engaged in contributory infringement by

17 making, using, offering to sell, selling, and importing in or into the United States

18 the Accused Product, which is specifically designed and specifically marketed by

19 Defendants as a charging system for charging a video game controller (e.g.,

20 PlayStation 4 controllers). The Accused Product, when used by Defendants'

21 customers as a charging system for charging a video game controller and as

22 intended and instructed by Defendants, infringes at least 1-7 and 11- 18 of the '121

23 Patent.  A copy of the user manual for the Accused Product describing its use as a

24 charging system for a video game controller (e.g., a PlayStation 4 controller) is

25 attached hereto as Exhibit J.

26     87.    In addition to the Accused Product, Defendants also make, use, offer

27 for sale, sell, and import in or into the United States video game controllers.

28 Defendant's Accused Product is also specifically designed and specifically

1279 Oakmead Parkway
Sunnyvale, CA 94085

WOMBLE BOND DICKINSON

marked by Defendants to be used with (to charge) Defendants' video game controllers.

88.    One or more components of the Accused Product and/or the Accused Product itself constitutes a material component of the claimed invention of the '121 Patent.

89.    Defendants knew or should have known that the Accused Product is especially made or especially adapted for use in the infringement of the '121 Patent.

90.    The Accused Product is not a staple article or commodity of commerce suitable for substantial non-infringing use. There is no substantial non-infringing use of the Accused Product because they are specifically designed and marketed as a charging system for a video game controller (e.g., PlayStation 4 controllers).

91.    Defendants have indirectly infringed and are indirectly infringing at least claims 1-7 and 11- 18 of the '121 Patent in violation of 35 U.S.C. § 271(c).

92.    The aforesaid acts of Defendants are without right, license, or authorization from NYKO.

93.    At all relevant times, NYKO has complied with any and all marking and/or notice provisions of 35 U.S.C. 287 with respect to the '121 Patent.  Among other things, NYKO has marked products utilizing the subject matter of the '121 Patent with the number of the '121 Patent.

94.    NYKO has been damaged as a result of Defendants' infringing conduct alleged above.  Thus, Defendants are liable to NYKO in an amount that adequately compensates it for such infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

95.    Defendants will continue their infringement of the '121 patent unless enjoined by the Court.  Defendants' infringing conduct has caused NYKO

1279 Oakmead Parkway
Sunnyvale, CA 94085

WOMBLE BOND DICKINSON

1    irreparable harm and will continue to cause such harm without the issuance of an

2    injunction.

3        96.    Defendants and/or individuals within Defendants' control had

4    knowledge of the '121 Patent at least by virtue of NYKO's marking of the '121

5    Patent on its products, or at the latest, by virtue of NYKO's Cease-and-Desist letter,

6    which serves notice to Defendants of the '121 Patent and of their infringing

7    conducts.

8        97.    Despite their knowledge of the '121 Patent, Defendants have infringed

9    and continue to infringe the '121 Patent, making such infringement willful and

10   intentional. Defendants have deliberately infringed the '121 Patent and in disregard

11   for the patent by making, having made, using, importing, selling, and offering for

12   sale the Accused Product that infringes the '121 Patent. Defendants knew or should

13   have known that there was a high risk of infringement of the '121 Patent and had

14   no reasonable basis to doubt the validity of the patent. Upon information and belief,

15   Defendants have not attempted any design around to avoid the risks of infringement

16   of the '121 Patent. Defendants have acted despite an objectively high likelihood

17   that their past and continuing actions constituted infringement of the '121 Patent,

18   and this objectively-defined risk was known or should have known to Defendants.

19   Defendants thus had actual knowledge of the '121 Patent and knew or should have

20   known that their conduct constituted infringement.

21       98.    Defendants' willful infringement makes this case exceptional such

22   that NYKO should be awarded its reasonable attorneys' fees and costs incurred in

23   pursuing this action pursuant to 35 U.S.C. § 285 and is entitled to enhanced

24   damages for infringement pursuant to 35 U.S.C. § 284.

25

26

27

28

1279 Oakmead Parkway
Sunnyvale, CA 94085

WOMBLE BOND DICKINSON

# PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff NYKO asks for judgment against Defendants PDP and Turtle Beach as follows:

1.    Judgment that one or more claims of the '848 Patent have been directly and indirectly infringed, either literally and/or under the doctrine of equivalents, by Defendants in violation of one or more subsections of 35 U.S.C. § 271;

2.    Judgment that one or more claims of the '832 Patent have been directly and indirectly infringed, either literally and/or under the doctrine of equivalents, by Defendants in violation of one or more subsections of 35 U.S.C. § 271;

3.    Judgment that one or more claims of the '344 Patent have been directly and indirectly infringed, either literally and/or under the doctrine of equivalents, by Defendants in violation of one or more subsections of 35 U.S.C. § 271;

4.    Judgment that one or more claims of the '121 Patent have been directly and indirectly infringed, either literally and/or under the doctrine of equivalents, by Defendants in violation of one or more subsections of 35 U.S.C. § 271;

5.    Judgement that Defendants' infringement of the Asserted Patents was/is willful;

6.    Award Plaintiff past and future damages together with prejudgment and post-judgment interest to compensate for the infringement by Defendants of the Asserted Patents in accordance with 35 U.S.C. § 284 (and subject to the parties' Tolling Agreement), and that such damages be trebled pursuant to 35 U.S.C. § 284;

7.    Declare this an exceptional case and award Plaintiff its reasonable attorney's fees and costs in accordance with 35 U.S.C. § 285;

1279 Oakmead Parkway
Sunnyvale, CA 94085

WOMBLE BOND DICKINSON

4926-6905-6072, v. 2

8.      That Defendants be enjoined from any further activity or conduct that infringes one or more claims of the Asserted Patents; and

9.      That Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

DATED:  June 12, 2025                    Respectfully submitted,

                                        WOMBLE BOND DICKINSON (US) LLP

                                   By   _/s/Siho "Scott" Yoo_
                                        Siho "Scott" Yoo

                                        Attorneys for Plaintiff
                                        OKYN HOLDINGS, INC.
                                        dba NYKO TECHNOLOGIES

4926-6905-6072, v. 2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1279 Oakmead Parkway
Sunnyvale, CA 94085

WOMBLE BOND DICKINSON

## **DEMAND FOR JURY TRIAL**

Plaintiff OKYN Holdings, Inc. dba NYKO Technologies, pursuant to Federal Rule of Civil Procedure 38, hereby demands a trial by jury of all issues so triable.

DATED:  June 12, 2025                  Respectfully submitted,

WOMBLE BOND DICKINSON (US) LLP

By   */s/Siho "Scott" Yoo*
        Siho "Scott" Yoo

Attorneys for Plaintiff
OKYN HOLDINGS, INC.
dba NYKO TECHNOLOGIES

-22-

4926-6905-6072, v. 2